IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERISSIMO TAVARES, | : | |
| Petitioner, | : | 1:20-cv-0834 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN QUAY, | : | |
| Respondent. | : | |

# MEMORANDUM

## July 30, 2020

Presently before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Verissimo Tavares ("Tavares"), a federal inmate confined at the Federal Correctional Complex at Allenwood, White Deer, Pennsylvania. The Court has conducted preliminary review and, for the reasons set forth below, has concluded that dismissal of the petition is warranted. *See* R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

## I. BACKGROUND

Tavares alleges that he filed an administrative tort claim "caused by the negligence of an officer of the U.S. government acting within the scope of

---

[1] *See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

employment." (Doc. 1, p. 2). He indicates that he was denied compensatory damages in the amount of $651.25 for personal property that went missing following his placement in solitary confinement. (*Id.*). He is seeking an order compelling an investigation and compensation for the missing property and for anxiety and torture. (*Id.* at 8).

## II. **DISCUSSION**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

"Conversely, when the challenge is to a condition of confinement such that a finding in [Petitioner's] favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542. "Habeas corpus

is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

The petition plainly involves conditions of confinement. A claim seeking compensation for missing property and emotional damage does not lie at the "core of habeas" in that it does not challenge the fact or length of a sentence or confinement and, therefore, is not cognizable in a § 2241 petition. *See Preiser, 411 U.S. at 500; see Leamer,* 288 F.3d at 542-44. Consequently, the petition will be dismissed without prejudice to any right Tavares has to pursue his claim in a properly filed complaint.

An appropriate order follows.